■ GEORGE RUSCIANO et al., Respondents, v. 1961 ASSOCIATES, INC., et al., Appellants. 1961 ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent, v. ABRAHAM J. RODOLITZ et al., Third-Party Defendants-Appellants. — Order granting summary judgment to plaintiffs and granting cross motion of the defendant and third-party plaintiff for summary judgment over against defendants Fuchs and Wexler and third-party defendant Rodolitz, and the judgment entered thereon, unanimously affirmed, with $50 costs to plaintiffs-respondents against defendants-appellants and, with $50 costs to third-party plaintiff-respondent against third-party defendants-appellants. Concur — Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ.

■ UTILITIES AND INDUSTRIES MANAGEMENT CORP., Appellant, v. BARTON DISTILLING COMPANY, Respondent.— Order and judgment entered thereon dismissing the complaint, unanimously affirmed, with $50 costs to defendant-respondent. This is not an action to procure a judgment excluding the defendant from an interest in or lien upon specific personal property within the State within the meaning of former sections 232 and 235 of the Civil Practice Act, and the court did not acquire jurisdiction over the defendant by the service on August 15, 1963 of a summons and complaint upon its officer at Chicago, Illinois. The provisions of CPLR 302 and 313, in effect on September 1, 1963, may not be applied to validate the "attempted service of process which was jurisdictionally defective when made" (*Simonson* v. *International Bank*, 14 N Y 2d 281, 290). The defendant, however, in the service of its answer following the taking of effect of CPLR, properly utilized the procedure therein prescribed for the raising of the objection of lack of jurisdiction (CPLR 10003). Thus, the defendant properly asserted such objection by way of answer and properly moved to dismiss on this ground (CPLR 320, subd. [c]; 3211, subd. [a], par. 8). The dismissal of the action is sustainable on the ground of lack of jurisdiction of the person of the defendant and we do not reach the question as to the sufficiency of the first alleged cause of action for a declaratory judgment. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.